[Cite as *State v. Mays*, 2012-Ohio-3602.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO  :
:  Appellate Case No. 24923
Plaintiff-Appellee  :
:  Trial Court Case No. 2011-CR-2926
v.  :
:
PHILLIP DION MAYS  :  (Criminal Appeal from
:   Common Pleas Court)
Defendant-Appellant  :
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. #0040615, 1502 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Phillip D. Mays appeals from his conviction and

maximum three-year sentence for Robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree, following a guilty plea. Mays also pled guilty to Grand Theft of a Motor Vehicle, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, but that conviction was merged into the Robbery conviction for sentencing purposes.

{¶ 2} Assigned appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could find no potential assignments of error having arguable merit. By entry of this court filed April 10, 2012, Mays was accorded 60 days within which to file his own, pro se brief. He has not done so.

{¶ 3} We have reviewed the entire record, including the transcript of the plea and sentencing hearings. The trial court took Mays's guilty plea properly under Crim.R. 11(C), ascertaining that Mays understood the nature of the charges to which he was pleading guilty, the potential consequences of his plea, and the various rights that he would be giving up by pleading guilty.

{¶ 4} The trial court also conducted a proper sentencing hearing, merging the Grand Theft of a Motor Vehicle conviction into the Robbery conviction for sentencing purposes. The trial court heard from Mays's trial counsel, from Mays, and from the State. The trial court considered a pre-sentence investigation report, which we have reviewed. The trial court imposed a maximum, three-year sentence for Robbery, disapproved Mays' motion for shock incarceration under R.C. 5120.031, but approved him for participation in intensive program prison under R.C. 5120.032.

{¶ 5} The only potential assignment of error that assigned appellate counsel

has been able to identify, but not one having arguable merit in his opinion, is that the trial court erred in imposing the maximum sentence for Robbery. As counsel notes, after *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, trial courts have discretion to impose a prison sentence within the allowed statutory range, and are not required to give reasons or make findings. Accordingly, the general standard of appellate review is the abuse of discretion standard of review. A somewhat different standard of review obtains for an appeal brought under R.C. 2953.08 – see R.C. 2953.08(G)(2) – but that statute expressly declares that the right to appeal set forth therein is "[i]n addition to any other right to appeal * * * ." R.C. 2953.08(A). An appeal under R.C. 2953.08 can lie from a maximum sentence, like the one in the case before us, but appears to be limited to situations in which the record does not support the sentencing court's findings that were statutorily required before *Foster*, or in which the sentence is contrary to law. R.C. 2953.08(G)(2)(a) and (b). Neither of these situations obtain in the case before us.

{¶ 6}  That leaves a general appeal, not under R.C. 2953.08, in which the issue is whether the sentence chosen by the trial court from within the statutory range is a proper exercise of the trial court's discretion.

{¶ 7}  Under R.C. 2929.12(D), the trial court is required to consider the following factors as "factors indicating that the offender is likely to commit future crimes":

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been

unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

{¶ 8} Our review of the pre-sentence investigation report indicates that four of these factors weigh in favor of a longer sentence in this case. As to factor (1), Mays was under post-release control when he committed these offenses. As to factor (2), Mays was adjudicated a delinquent child on three occasions, was convicted of eight misdemeanors as an adult, and was convicted of seven felonies as an adult (before these offenses), including Aggravated Robbery with a Deadly Weapon, Rape, and Assault on a Corrections Officer. As to factor (3), the frequency of Mays's prior convictions, the last of which resulted in a conviction in January, 2009, together with the fact that his offenses in this case occurred while he was on post-release control, indicate that he has not responded favorably to sanctions

previously imposed. As to factor (4), although Mays has had a history of over 20 years of dependency upon alcohol, marijuana, cocaine, and crack cocaine, he did acknowledge, at the sentencing hearing, his struggle with drug addiction, and does not refuse treatment, so that factor does not weigh in favor of a longer sentence. Finally, as to factor (5), although Mays stated at the sentencing hearing that he had apologized to his victim, he showed little remorse. In the pre-sentence investigation report, although Mays acknowledged having committed the offenses, he presented a more self-serving version of the facts than did the victim. According to Mays, he did not do anything more than ask the victim if he could "borrow a couple bucks" until the victim jumped out of his truck "acting defensively." According to the victim, Mays approached the truck telling the victim to get out of the truck and give Mays all of the victim's money.

{¶ 9} Conversely, none of the factors required to be considered as indicating that the offender is not likely to commit future crimes is present in this case. R.C. 2929.12(E). R.C. 2929.12(B) requires consideration of certain factors indicating that the offender's conduct is more serious than the conduct normally constituting the offense, and R.C. 2929.12(C) requires consideration of certain factors indicating that the offender's conduct is less serious than conduct normally constituting the offense. None of these factors is present in this case.

{¶ 10} In view of the substantial likelihood that Mays will commit another offense, based upon the four factors set forth in R.C. 2929.12(D) that apply in his case, including his extensive criminal history, we see no reasonable argument that can be made that the trial court abused its discretion in imposing the maximum, three-year sentence.

**{¶ 11}**   We have performed our duty, under *Anders v. California, supra*, to review the record independently, and we have found no potential assignments of error having arguable merit.   Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Phillip Dion Mays
Richard A. Nystrom
Gregory F. Singer