[Cite as *State v. Powers*, 2014-Ohio-1662.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

STATE OF OHIO

    Plaintiff-Appellee

v.

JOSHUA L. POWERS

    Defendant-Appellant


Appellate Case Nos. 2013-CA-45 and 2013-CA-46

Trial Court Case No.   2013-CR-87 and
                           2013-CR-244

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of April, 2014.

. . . . . . . . . . .

JENNIFER E. GELLER, Atty. Reg. No. 0088855, Champaign County Assistant Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

BRIAN D. BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-appellant, Joshua Lee Powers, appeals from his prison sentence received in the Champaign County Court of Common Pleas following his guilty plea to one count of breaking and entering and one count of failing to appear.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}     On March 7, 2013, Joshua Lee Powers was indicted on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.   The charges arose from Powers breaking into an unoccupied residence located at 690 East Court Street in Urbana, Ohio.   During the break-in, Powers cut and removed metal wire from the residence and later sold the wire to PSC Metals in Springfield, Ohio.

{¶ 3}     On March 20, 2013, Powers failed to appear at his initial arraignment hearing, and the trial court issued a capias order for his arrest.   Following his arrest, the trial court held another arraignment hearing, which Powers attended in the custody of the Champaign County Sheriff.   At the arraignment hearing, the trial court released Powers on a personal recognizance bond.   Thereafter, Powers attended a final pretrial conference on May 15, 2013; however, the trial court rescheduled the conference for May 22, 2013, because Powers was not dressed in proper courtroom attire.   Powers subsequently failed to attend the rescheduled final pretrial conference, and the trial court once again issued a capias order for his arrest.

{¶ 4}     After his arrest, Powers attended two more pretrial conferences and later pled guilty to the breaking and entering charge.   In exchange for his plea, the State dismissed the

petty theft charge and agreed not to pursue a charge for his failure to appear at court. The trial court then released Powers on another personal recognizance bond and scheduled a sentencing hearing for July 15, 2013. Powers, however, failed to appear at the sentencing hearing. As a result, he was indicted in a separate case on one count of failing to appear as required by recognizance in violation of R.C. 2937.29 and R.C. 2937.99(A), a felony of the fourth degree. On August 20, 2013, Powers pled guilty to this charge, and the trial court proceeded with sentencing for both of his offenses.

{¶ 5} During the sentencing hearing, Powers claimed that all of his offenses were connected to his heroin addiction. Powers discussed the nature and effect of his addiction with the court at length. After hearing from Powers and the State, the trial court sentenced Powers to 10 months in prison for the breaking and entering offense and 12 months in prison for the failure to appear offense. The two offenses were then ordered to run consecutively for a total prison term of 22 months. Powers was also ordered to pay restitution in the amount of $1,374.

{¶ 6} Powers now appeals from the trial court's sentencing decision, raising two assignments of error.

**Assignments of Error**

{¶ 7} For purposes of convenience, we will address Powers's First and Second Assignments of Error together. They are as follows:

I.      THE SENTENCE OF THE TRIAL COURT IS UNDULY HARSH AND NOT SUPPORTED BY THE RECORD AND THEREFORE CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION.

II.     THE SENTENCE OF THE TRIAL [COURT] IS CONTRARY TO LAW

        AS THE COURT DID NOT REASONABLY CONSIDER THE

        CONCEPT OF REHABILITATION PURSUANT TO R.C. 2929.11.

{¶ 8}    Under these assignments of error, Powers argues that the trial court's imposition of consecutive sentences was an abuse of discretion, because the record demonstrates that consecutive sentences are disproportionate to the seriousness of his conduct.   Powers also argues that the sentence is contrary to law because the trial court failed to consider his need for rehabilitation as required by R.C. 2929.11.

Standard of Review

{¶ 9}    This court recently adopted R.C. 2953.08(G)(2) as the appellate standard of review for all felony sentences, including consecutive sentences.   *State v. Rodeffer*, 2013-Ohio-5759, ___N.E.2d___, ¶ 29 (2d Dist.); *State v. Mooty*, 2d Dist. Montgomery No. 25669, 2014-Ohio-733, ¶ 68.   R.C. 2953.08(G)(2) states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   *The appellate court's standard for review is not whether the sentencing court abused its discretion.*   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)     That the sentence is otherwise contrary to law.  (Emphasis added.) R.C. 2953.08(G)(2).

**{¶ 10}**   Additionally, we observed in *Rodeffer* that:

"the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings.  Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings."  * * * "In other words, the restriction is on the appellate court, not the trial judge.  This is an extremely deferential standard of review."  *Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453,  ¶ 21 (8th Dist.).

The Record Supports the Trial Court's Consecutive

Sentence Findings Under R.C. 2929.14(C)(4)

**{¶ 11}**   As noted earlier, Powers argues that the trial court's imposition of consecutive sentences was an abuse of discretion, because the resulting prison term is disproportionate to the seriousness of his conduct.

**{¶ 12}**   The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4). Under this statute, a sentencing court must make certain findings before imposing consecutive sentences.  Specifically, a trial court may impose consecutive sentences if it determines that: (1) "consecutive service is necessary to protect the public from future crime or to punish the

offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and; (3) one or more of the following three findings are satisfied:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

While the trial court must make the foregoing findings before imposing consecutive sentences, the court is not required to state the reasons for its findings. *State v. Wells*, 2d Dist. Champaign No. 2012-CA-12, 2012-Ohio-5529, ¶ 12-16.

{¶ 13}  In the present case, the trial court stated the following at Powers's sentencing hearing:

In imposing consecutive sentences, the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant.

That they are not disproportionate to the seriousness of the conduct and the danger

Defendant poses on the public.  Court finds that Defendant committed one or

more of the multiple offenses while he was awaiting trial or sentencing.  And that

the Defendant's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the defendant.

Sentencing Trans. (Aug. 20, 2013), p. 52, ln. 8-18.

Based on the foregoing statement, the record clearly establishes that the trial court made all the

required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences.  As a further

matter, we do not clearly and convincingly find that the record does not support the trial court's

finding that consecutive sentences are not disproportionate to the seriousness of Powers's

conduct.  The record establishes that Powers broke into another's home, repeatedly failed to

appear at court, and repeatedly violated his bond conditions.  This conduct exhibits a severe lack

of respect for others, including the court, and shows no responsibility or remorse for his actions.

{¶ 14}  We note that in his appellate brief, Powers does not dispute that the trial court

made the required findings under R.C. 2929.14(C)(4), but rather claims that the trial court's

proportionality finding was an abuse of discretion.  However, "[t]he appellate court's standard

for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).

"The standard [under R.C. 2953.08(G)(2)] is more deferential to the trial court's determination

than an abuse of discretion."  *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3,

2014-Ohio-145, ¶ 36.

{¶ 15}  Nevertheless, even under an abuse of discretion review, we find no error in the

trial court's proportionality assessment.  "A trial court has broad discretion in sentencing a

defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Based on the facts of record, we find that the trial court's imposition of consecutive sentences was reasonable and not an abuse of discretion.

### Powers's Prison Sentence Is Not

### Otherwise Contrary to Law

**{¶ 16}** Next, Powers argues that his prison sentence is contrary to law because the trial court failed to consider his need for rehabilitation as required by R.C. 2929.11.

**{¶ 17}** " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, __N.E.2d__ at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. Under R.C. 2929.11, "the need for * * * rehabilitating the offender" is one of various factors a sentencing court must consider when sentencing an offender for a felony.

**{¶ 18}** In this case, Powers's 10-month prison sentence for breaking and entering, as well as his 12-month prison sentence for failing to appear, are within the prescribed statutory

range for fourth and fifth-degree felonies. *See* R.C. 2929.14(A)(4) and (5). Additionally, the trial court expressly stated at the sentencing hearing and in its entry of conviction and sentence that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Accordingly, the record indicates that the trial court made all the required considerations, including the need for rehabilitating the offender.

{¶ 19} The trial court's consideration of the need to rehabilitate Powers is further evidenced by the fact that Powers and the trial court had a long discussion at his sentencing hearing about the extent of his heroin addiction. After Powers requested treatment for his addiction, the trial court stated:

> I think you said that you have the same problems as when I went back home from prison. I need help if you're willing to give it. And what I'm trying to point out to you is that there is a period of time in June where we were willing to assist you.
>
> The problem is that not only do you not appear the second time for one of our hearings, but you went out and allegedly committed additional offenses while breaking bond conditions. Sentencing Trans. (Aug. 20, 2013), p. 37, ln. 4-12.

The trial court also stated that:

> I appreciate the physical craving piece of it. I appreciate what you're saying. But you're telling me that you need help if I'm willing to give it to you. And I'm giving you three instances in the span of three weeks in which either your attorney or the Court has helped you and you've turned your back on us. *Id*. at 40, ln. 16-22.

{¶ 20} Based on the record, we do not find that the trial court failed to consider the need

for rehabilitation as required by R.C. 2929.11. Therefore, because Powers's sentences are within the statutory range for fourth and fifth-degree felonies, and because the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors in 2929.12, we find that Powers's sentence is not contrary to law.

{¶ 21} For the foregoing reasons, Powers's First and Second Assignments of Error are overruled.

## Conclusion

{¶ 22} Having overruled all of the assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J.,  concur.

Copies mailed to:

Jennifer E. Geller
Brian D. Brennaman
Hon. Nick A. Selvaggio