[Cite as *State v. Hawkins*, 2014-Ohio-4960.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-6 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-8 |
| v. | : | |
| | : | |
| DAVID HAWKINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of November, 2014.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by NATHANIEL R. LUKEN, Atty. Reg. #0087864, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

CHRISTOPHER W. THOMPSON, Atty. Reg. #0055379, 130 West Second Street, Suite 1444, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   David Hawkins appeals from his conviction and sentence on two counts of third-degree-felony gross sexual imposition.

{¶ 2}   In his sole assignment of error, Hawkins contends the trial court abused its discretion in imposing two consecutive three-year prison terms. Although the trial court made the requisite findings for consecutive sentences, he claims the record does not support them.

{¶ 3}   Hawkins originally was charged with two counts of rape and one count of sexual battery for engaging in sex acts with a twelve-year-old girl. As part of a negotiated agreement, he later pled guilty to two counts of third-degree felony sexual battery. The trial court imposed consecutive three-year prison terms. Hawkins appealed. In *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, we found his guilty plea invalid because he was misadvised during the plea hearing about the sex-offender tier level for his offenses and was not advised about corresponding verification and notification requirements. As a result, we reversed and remanded for vacation of the guilty plea. On remand, Hawkins pled guilty to two amended charges of third-degree felony gross sexual imposition. The trial court again imposed consecutive three-year prison terms. This appeal followed.

{¶ 4}   Hawkins does not dispute that the trial court made the findings now required by R.C. 2929.14(C) for consecutive sentences. Under that statute, a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied: (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 5} After considering the record, including the PSI, various statements, the principles and purposes of sentencing, and the statutory seriousness and recidivism factors, the trial court found two three-year prison terms appropriate. (Tr. at 19-20). It then made the following consecutive-sentence findings pursuant to R.C. 2929.14(C):

The court finds that these terms should be served consecutively in order to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public.

The Court further finds that these consist of two multiple offenses that are

committed as part of one or more courses of conduct, having occurred within a very short period of time; and that the harm caused by these offenses is sufficiently great or unusual that no single prison term would adequately reflect the seriousness of this type of conduct.

Therefore, these sentences will be served consecutively for a total sentence of six years. * * *

(*Id*. at 20-21).

{¶ 6} Hawkins' only argument on appeal is that the record does not support the foregoing findings. Specifically, he asserts that the statutory seriousness and recidivism factors, as addressed in the PSI, do not justify consecutive sentences. He maintains that he had no other criminal record as a juvenile or adult, that his offenses occurred under circumstances unlikely to recur, that he did not cause or expect to cause physical harm, and that his "Ohio Risk Assessment System" score was relatively low. He also contends the victim's age is not indicative of a recidivism risk on his part. According to Hawkins, there is no evidence suggesting that his offenses were more serious than conduct normally constituting gross sexual imposition, his offenses were not the most serious form of gross sexual imposition, and he is unlikely to re-offend. Therefore, he claims the trial court abused its discretion in imposing consecutive sentences.

{¶ 7} Upon review, we see no error in the trial court's imposition of consecutive sentences. As an initial matter, we note that "R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences, including consecutive sentences." *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 8. The statute provides in part:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *;(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 8} As we noted in *Bittner*, "'the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.'" *Bittner* at ¶ 9, quoting *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31. "'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.'" *Id.*

{¶ 9} Here we do not clearly and convincingly find a lack of support in the record for the trial court's consecutive-sentence findings. According to the PSI, twenty-two-year-old Hawkins was found in a motel room with a twelve-year-old child. A half empty bottle of 151 proof rum was present. According to the victim, she and Hawkins had engaged in vaginal intercourse twelve times and oral sex thirteen times three days earlier. On the day she was found

with Hawkins, the pair had engaged in vaginal intercourse another seven or eight times and oral sex another three or four times. The victim told police Hawkins had supplied her with rum, making her intoxicated. For his part, Hawkins admitted having sex with the victim multiple times. He stated that he believed she was fifteen years old, which he acknowledged still was below the legal age of consent. Hawkins admitted providing the victim with alcohol. He also stated that he did not believe having sex with a fifteen-year-old girl was inappropriate. (PSI at 3-4). Among other things, the PSI included recommendations from a psychologist that if Hawkins received community control he should be prohibited from having unsupervised contact with females between the ages of ten and sixteen and should be required to undergo sex-offender treatment. The PSI also noted that he accepted no responsibility for his actions.

{¶ 10} In our view, the facts of this case support the imposition of consecutive sentences. Although Hawkins had no prior criminal record other than a seat-belt violation, he admitted engaging in numerous sex acts that constituted rape, a first-degree felony. *See* R.C. 2907.02(A)(1)(b) (defining rape to include sexual conduct with a person less than thirteen years of age, regardless of whether the offender knows the victim's age). Even under Hawkins' version of events, he knew that the victim was under the legal age of consent. He also acknowledged providing her with alcohol and opined that having sex with a fifteen year old girl was not inappropriate.

{¶ 11} The conduct in which Hawkins engaged and his attitude about it support a finding that consecutive sentences were necessary to protect the public from future crime and to punish him. Hawkins' actions and attitude also support a finding that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.

Although Hawkins pled guilty to gross sexual imposition, he admitted engaging in rape. The trial court was entitled to consider that fact at sentencing. *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8 (recognizing that a trial court at sentencing may consider a defendant's uncharged yet undisputed conduct as well as facts related to charges dismissed under a plea agreement).

{¶ 12} The record additionally supports a finding that Hawkins' offenses were committed as part of a course of conduct and that the harm caused was so great or unusual that no single prison term adequately would reflect the seriousness of his conduct. His course of conduct involved numerous sex acts over a multi-day period. With regard to the harm he caused, the victim's mother testified during the first sentencing hearing that her daughter was "paying dearly for her actions." (First Sentencing Tr. at 9). The victim's mother elaborated: "She's experienced a rape kit, jail time, ridicule from classmates, being called names on the street, and loss of friends."[1] (*Id.*). Although this evidence of harm is not overwhelming, it is enough to preclude a finding, by clear and convincing evidence, that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b).[2]

{¶ 13} Finally, we are unpersuaded by Hawkins' citation to this court's opinions in *State*

---

[1] The record does not make clear the connection between the victim's "jail time" and Hawkins' actions.

[2] Although we need not resolve the harm issue on this basis, we note that common sense suggests Hawkins' act of plying a twelve-year-old child with alcohol and, over a multi-day period, having vaginal sex with her nineteen or twenty times and oral sex another sixteen or seventeen times will result in harm so great that a single prison term for gross sexual imposition, which normally involves improper touching, would not reflect the seriousness of his conduct. *Cf. State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, 12CA954, 2013-Ohio-3747, ¶ 45 ("Although it would have been better for the court to provide more information, perhaps from victim impact statements, on the emotional effects Swayne's crimes had, it is not required as simple logic dictates the conclusion that great harm existed in this case.").

*v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082 (2d Dist.) (*Nichols I*) and *State v. Nichols*, 2d Dist. Clark No. 2012 CA 38, 2013-Ohio-3285 *(Nichols II)*. Hawkins argues that his case is nearly identical to the *Nichols* cases. We disagree. The defendant in those cases was convicted of four counts of gross sexual imposition for improperly touching four elementary-school girls. No "skin-to-skin" contact was involved, as the touching occurred outside at least some clothing. The trial court imposed maximum, consecutive five-year prison terms totaling twenty years. This court reversed in *Nichols I*, finding that the sentence was an abuse of discretion.[3] On remand, the trial court imposed four consecutive three-year prison terms. In *Nichols II*, this court again reversed, finding little likelihood of recidivism, little evidence that the defendant's offenses were more serious than conduct normally constituting gross sexual imposition, and little evidence of great harm. This court found wholly-concurrent three-year sentences appropriate.

{¶ 14}  Upon review, we find the *Nichols* cases distinguishable. Despite his relatively low score on a risk-assessment instrument, Hawkins engaged in sexual activity with a twelve-year-old child numerous times after giving her alcohol. According to the PSI, he accepted no responsibility for his actions and opined that he saw nothing wrong with having sex with a fifteen-year-old girl (which he claimed he believed was the victim's age). Hawkins' depraved actions and cavalier attitude reasonably suggest a risk of re-offending and a need for serious punishment. We note too that a psychologist who evaluated him recommended that he be kept away from young girls and that he undergo sex-offender treatment if community control were ordered. These recommendations suggest that he poses a danger.

---

[3]At the time of our ruling in *Nichols I*, we applied the abuse-of-discretion standard.

{¶ 15} Unlike the *Nichols* cases, the record also supports a finding that Hawkins' actions were more serious than conduct normally constituting gross sexual imposition. Indeed, his actual conduct involved having vaginal sex with the victim nineteen or twenty times and oral sex another sixteen or seventeen times. Given the victim's age, each act constituted first-degree rape notwithstanding the fact that he pled guilty to only two counts of gross sexual imposition.

{¶ 16} As to harm, the issue is whether the harm caused was so great or unusual that no single prison term adequately would reflect the seriousness of the offender's conduct. In *Nichols*, the harm reported by the four girls involved in the defendant's improper touching included things such as anger, anxiety, crying, nervousness, insomnia, introversion, nightmares, insecurity, loss of self-esteem, and bed-wetting. *Nichols I* at ¶ 5-8. This court reasoned that "while the anger, fear, and disturbances experienced by the children are heartbreaking, there is nothing in the record to suggest that these injuries are qualitatively greater than those predictably experienced by any victim of a gross sexual imposition[.]" *Id*. at ¶ 38.

{¶ 17} Although Hawkins and the defendant in *Nichols* both were convicted of gross sexual imposition, Hawkins did not simply touch his victim through her clothing. Rather, as detailed above, he engaged in approximately three dozen explicit sex acts with her. The child's mother testified that her daughter was "paying dearly" as a result and that she had "experienced a rape kit, jail time, ridicule from classmates, being called names on the street, and loss of friends." (*Id*.). We doubt whether these forms of harm are predictably experienced by most victims of gross sexual imposition. Nor can we necessarily say that the harm caused by subjecting a twelve-year-old child to a rape exam, causing her to experience time in jail, and causing her to suffer ridicule and ostracization from her peers is not so great as to warrant consecutive

sentences. Bearing in mind our standard of review, we certainly do not clearly and convincingly find a lack of support in the record for consecutive-sentences. Given the facts before us, we believe Hawkins was fortunate to receive a plea deal that resulted in an aggregate six-year sentence.

{¶ 18} The sole assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, P.J., concurring:

{¶ 19} I concur and would also find that the sentence does not constitute an abuse of discretion.

. . . . . . . . . .

Copies mailed to:

Stephen K. Haller
Nathaniel R. Luken
Christopher W. Thompson
Hon. Stephen Wolaver