[Cite as *State v. Chattams*, 2015-Ohio-453.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26151 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-1400 |
| | : | |
| DEANDRE R. CHATTAMS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of February, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 West Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Deandre Chattams appeals from his conviction and sentence on two counts

of having a weapon while under disability (third-degree felonies), carrying a concealed

weapon (a fourth-degree felony), cocaine possession (a third-degree felony), and heroin possession (a second-degree felony).

{¶ 2} In his sole assignment of error, Chattams contends the trial court abused its discretion in imposing an aggregate five-year prison sentence.

{¶ 3} The record reflects that Chattams pled guilty to the charges above as part of a negotiated agreement. (Tr. at 20). In exchange for the pleas, the State and Chattams agreed to a prison sentence within a range of four to six years. (*Id.* at 3-5). After reviewing a pre-sentence investigation report, hearing argument from counsel, and allowing Chattams to make a statement, trial court imposed wholly-concurrent prison sentences totaling five years. (*Id.* at 26-29).

{¶ 4} On appeal, Chattams challenges his sentence as an abuse of discretion. While recognizing that this court has applied R.C. 2953.08(G)(2) as the standard of review for felony sentencing, Chattams maintains that "[a] general appeal, not under R.C. 2953.08, can also be maintained in which the issue is whether the sentence chosen by the trial court from within the statutory range is a proper exercise of the trial court's discretion." (Appellant's brief at 4). He then argues that his five-year sentence is an abuse of discretion based on a review of the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors.

{¶ 5} We find Chattams' assignment of error to be unpersuasive. As an initial matter, we note that his attempt to disavow the controlling nature of R.C. 2953.08 is unavailing. R.C. 2953.08(D)(1) specifically states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is

imposed by a sentencing judge." In his opening brief, Chattams argues that he is not attempting to appeal under R.C. 2953.08. (Appellant's brief at 4-5). In response to the State's argument that the statute applies to all felony sentences, Chattams then attempts to argue in his reply brief that his sentence is appealable under R.C. 2953.08 because it was not "authorized by law" and because it was not a "jointly-recommended sentence." (Appellant's reply brief at 1-2). We disagree. Chattams fails to identify any way in which his sentence was not authorized by law or was contrary to law. This court's case law also establishes that a sentence within a jointly-recommended range *is* a jointly-recommended sentence for purposes of R.C. 2953.08. *See, e.g.*, *State v. DeWitt,* 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13-15. Chattams' real argument is simply that the trial court abused its discretion in imposing an aggregate five-year sentence, but R.C. 2953.08(D)(1) precludes such a review. Lawful agreed sentences are not reviewable on appeal. *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 31-33.

{¶ 6} We disagree with Chattams' assertion that he can challenge his sentence apart from R.C. 2953.08 and thereby avoid its application. In support of his argument, he cites *State v. Mays*, 2d Dist. Montgomery No. 24923, 2012-Ohio-3602. In that case, this court opined that "the general [felony sentencing] standard of review is the abuse of discretion standard of review." *Id.* at ¶ 5. This court noted that a different standard applies for an appeal brought under R.C. 2953.08. *Id.* Finding that the sentence in *Mays* did not fit within the scope of the statute, this court applied the abuse-of-discretion standard applicable to "a general appeal." *Id.* at ¶ 6. Following *Mays*, however, this court decided *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), and other cases stating that

"R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences[.]" *State v. Hawkins*, 2d Dist. Greene No. 2014-CA-6, 2014-Ohio-4960, ¶ 7; *see also State v. Mayberry*, 2014-Ohio-4706, 22 N.E.3d 222, ¶ 28 (2d Dist.); *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 8; *State v. Craver*, 2d Dist. Montgomery No. 25803, 2014-Ohio-2092, ¶ 6; *State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 6; *State v. Powers*, 2d Dist. Champaign Nos. 2013-CA-45, 2013-CA-46, 2014-Ohio-1662, ¶ 9. Although internal disagreement remains as to the applicable standard of review, there is no disagreement that R.C. 2953.08(D)(1) precludes review of a lawful agreed sentence regardless of the applicable standard.

{¶ 7} In any event, we see no error in the trial court's imposition of an aggregate five-year prison sentence even if the abuse-of-discretion standard is applied. The record reflects that his heroin-possession conviction, alone, carried a potential eight-year prison sentence, and both drug convictions carried mandatory terms. The PSI reflects that, in addition to several juvenile adjudications and adult misdemeanor convictions, Chattams had prior felony convictions in four other cases. The convictions in those cases were for marijuana possession, cocaine possession, marijuana trafficking, and felonious assault. Before the present case, he twice had served prison time. (PSI at 4). Chattams was twenty-seven years old and unemployed at the time of the PSI. His only prior employment had been a three-month term at King's Island in 2003. (*Id.* at 5). According to the PSI, he reported having used marijuana, cocaine, crack cocaine, and heroin as recently as October 2013. (*Id.* at 6).

{¶ 8} At the sentencing hearing, defense counsel reported that Chattams remained unemployed but had graduated from Fortis College with "an HVAC degree" in

April 2013. (Tr. at 23). Counsel noted that Chattams was living with his girlfriend and two young children. (*Id*.). In light of Chattams' relationship with those children, as well as his sister's two children, counsel urged the trial court to impose a four-year sentence. (*Id*. at 24). For his part, Chattams briefly addressed the trial court and apologized for failing to appear for trial prior to his plea. (*Id*. at 25-26). In imposing sentence, the trial court then stated that it had considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors. (*Id*. at 27). In support of an aggregate five-year sentence, the trial court addressed Chattams and stated:

Sir, first of all, [defense counsel] Mr. Barbato indicated that he and I have talked a number of occasions about sentencing and that is absolutely true. I can't tell you how many times he has talked with me, with the prosecutor present, about—and advocated with regard to your sentence.

Your history is extremely significant in terms of your sentence. You—I just want to point out a few things. You have—in your lifetime, you, by your own statement in the pre-sentence investigation—I have reviewed that and I will incorporate that into the record. You've been employed legitimately for three months. While I don't doubt that these children are important in your life, if you had been thinking, actually, about your children, I would have suspected that you would have obtained legitimate employment as opposed to engaging in the pattern of behavior that has been consistent over the course of the last nine years, since it looks like you were about 18 years old.

In 2005, you were sentenced to a year for possession of cocaine, F-3

and also trafficking in marijuana, an F-5. Those were concurrent sentences.

You were out of prison—pursuant to the pre-sentence investigation, you got in September of '06. You were sentenced again in April of '07 to four years for a felonious assault. You shot someone, according to the report, in each foot.

In '07, also on the same date, you were sentenced for a possession of marijuana, F-5, for 12 months as you, yourself—so I cannot ignore the fact that we were all here with the jury and you failed to appear at trial.

Given—you have a juvenile record as well as a misdemeanor record of willfully eluding or fleeing the police, obstructing official business[,] which are concerns particularly as they relate to the facts of this case where you attempted to flee on foot from the officer.

(Tr. at 26-27).

{¶ 9} On appeal, Chattams asserts that an analysis of the statutory seriousness and recidivism factors fails to support the trial court's five-year sentence. He insists that none of the "more serious" factors were present and that one "less serious" factor was present, namely that he did not expect to cause physical harm to any person or property. Although the PSI indicates that two "recidivism likely" factors were present—his history of criminal activity and his failure to respond favorably to prior sanctions—he argues that the second one is unsupported by the record. Finally, Chattams disputes the PSI's finding that no "recidivism less likely" factors were present. He argues that such factors include his remorse, his leading a law-abiding life for two-years before being sentenced, his getting a diploma, and his "supporting his family and having a job." (Appellant's brief at

7-8).

{¶ 10} Having reviewed the record, we are not convinced by Chattams' argument that a five-year sentence is an abuse of discretion but a four-year sentence would not be. "Although the trial court is required to consider the seriousness and recidivism factors, having done so, it has discretion to impose a sentence authorized by law." *State v. Hardin-Moore*, 2d Dist. Montgomery No. 24237, 2011-Ohio-4666, ¶ 29. It is also "within the trial court's discretion to weigh the appropriate seriousness and recidivism factors and ultimately determine the weight to give each of those factors when conducting its balancing exercise." *State v. Musa*, 11th Dist. Lake No. 2009-L-023, 2010-Ohio-318, ¶ 20.

{¶ 11} Here the trial court had the discretion to place substantial weight on Chattams' substantial criminal record, which spanned a period of many years. The trial court also was entitled to give weight to the fact that, despite prior stints in prison, Chattams continued to re-offend. These facts support the trial court's finding that his history of criminal activity and his failure to respond favorably to prior sanctions made recidivism more likely. As for Chattams' claim of remorse and concern for his daughters, the trial court reasonably discounted these factors, suggesting that if he really were sorry and concerned, he likely would have done more to obtain legitimate employment and avoid criminal activity over the last several years. Finally, although Chattams for the most part did avoid serious legal trouble during the two years leading up to his February 4, 2014 sentencing below, we note that he was in prison from April 2007 until January 2011. (PSI at 4). Thereafter, he was arrested for misdemeanor marijuana possession in 2012, but the charge was dismissed. (*Id.*). He also was convicted of misdemeanor obstructing

official business in June 2013. (*Id.* at 3). Finally, he committed the instant offenses in May 2013. (*Id.* at 2). Having reviewed the record, we do not find that the trial court's evaluation of the statutory seriousness and recidivism factors reflects an abuse of discretion in imposing a five-year prison sentence rather than a four-year term, particularly where the term the trial court selected was the mid-point in the agreed-upon term.

{¶ 12} Chattams' assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Lucas W. Wilder
Hon. Mary K. Huffman