[Cite as *State v. Everett*, 2022-Ohio-3345.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29304 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-257 |
| | : | |
| JAMES DAVID EVERETT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendant-appellant James David Everett appeals from his convictions for rape and gross sexual imposition. Everett contends that the trial court erred by imposing the maximum sentence for each of the offenses. He further claims that the trial court erred by failing to merge the offenses for purposes of sentencing and by imposing consecutive sentences. For the following reasons, we affirm.

## I.  Facts and Procedural Background

**{¶ 2}** In November 2020, Dayton Police Officers were dispatched to Everett's home on a report of a sexual assault. Thereafter, a forensic interview of Everett's step-daughter, J.C., was conducted at CARE House. J.C., who was 12 years old, reported that Everett had been abusing her since she was approximately five or six years old. According to J.C., when the family lived in Georgia, Everett would abuse her during the night while everyone else in the house was asleep. J.C. stated that he would remove her pants and underwear and that he would lick her vaginal area. She stated that he would also touch her breasts with his hands under her shirt. J.C. stated that Everett would give her sleeping pills at night to make her sleep. J.C. also stated that Everett had made her touch his penis on approximately two occasions. J.C. reported that, after the family moved to Ohio, Everett would confront her when she was in the shower and would lick her vaginal area while fondling her breasts. J.C. reported that Everett threatened to kill her and her family if she told anyone about the abuse.

**{¶ 3}** J.C.'s brother was interviewed by the police. He reported that he had

observed Everett attempt to enter the bathroom while J.C. was in the shower. He stated he heard Everett state, "let me in, I just want to see." He also reported that when the family lived in Georgia, Everett would go into J.C.'s room while she was naked and changing clothes. He further reported that when his mother was not at home, Everett would often be upstairs with J.C. and no one else was allowed to be up there.

{¶ 4} On May 20, 2021, Everett was indicted on three counts of gross sexual imposition of a child under the age of 13 and eight counts of rape of a child under 13 years of age. Following negotiations, Everett entered into a plea agreement with the State under which he pleaded guilty, by bill of information, to one count of rape (by force or threat of force), in violation of R.C. 2907.02(A)(2), and one count of gross sexual imposition of a child under 13, in violation of R.C. 2907.05(A)(4). The terms of the agreement also provided for a prison term of 11 to 16 years. In exchange for Everett's guilty plea, the State dismissed all of the indicted charges.

{¶ 5} On November 10, 2021, the trial court sentenced Everett to a mandatory prison term of 11 years for the rape conviction and a prison term of 60 months for the gross sexual imposition conviction. The trial court ordered the prison terms to run consecutively for an aggregate prison term of 16 years. Everett was also designated as both a Tier II and Tier III sex offender/child victim offender. Everett appeals.

## II.   Analysis

{¶ 6} Everett's first and second assignments of error state as follows:

APPELLANT'S CONVICTIONS FOR RAPE AND GROSS SEXUAL

IMPOSITION SHOULD HAVE BEEN MERGED INTO A SINGULAR CONVICTION ON ONLY ONE OF THE OFFENSES TO BE SELECTED BY THE STATE. THE TRIAL COURT'S FAILURE TO DO SO VIOLATED OHIO MERGER LAW, APPELLANT'S RIGHT TO DUE PROCESS, HIS DOUBLE JEOPARDY RIGHT AGAINST CUMULATIVE PUNISHMENTS FOR THE SAME OFFENSE AND AMOUNTED TO PLAIN ERROR.

APPELLANT'S MAXIMUM AND CONSECUTIVE SENTENCES WERE UNCONSTITUTIONAL AND UNLAWFUL PURSUANT TO R.C. 2953.08.

**{¶ 7}** Everett asserts that the trial court erred by declining to merge the two offenses for purposes of sentencing and by imposing maximum, consecutive sentences.

**{¶ 8}** We first note that this court's case law precludes Everett from challenging his aggregate 16-year sentence. We have recognized that R.C. 2953.08(D)(1) does not authorize a sentencing appeal if the sentence is jointly recommended by the prosecution and the defendant and the trial court imposes the recommended sentence. *State v. Collini*, 2d Dist. Montgomery No. 26587, 2015-Ohio-4784, ¶ 10. We also repeatedly have held that a sentence within an agreed-upon range is a jointly-recommended sentence under R.C. 2953.08(D)(1). *Id.* at ¶ 12, citing *State v. Chattams*, 2d Dist. Montgomery No. 26151, 2015-Ohio-453, ¶ 5, and *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13-15.

**{¶ 9}** As part of the plea deal, Everett and the State agreed to a prison sentence within the range of 11 to 16 years. If Everett thought a sentence at the top end of that

range was improper, he should not have accepted a plea deal that authorized it. Because he accepted a plea deal that explicitly authorized his sentence, he cannot challenge the sentence on appeal.   In any event, we find no error in the sentence.

{¶ 10} With regard to the issue of merger, we note that Everett was represented by an experienced, competent criminal defense attorney who did not seek merger of the offenses at the trial court level.   Instead, counsel negotiated a plea deal which limited the potential prison sentence to a range of 11 to 16 years.[1]   As noted below, the maximum sentence for rape is 11 years and the maximum for gross sexual imposition is 60 months; thus, imposing a sentence on each offense and requiring them to run consecutively was the only way the sentence could reach the maximum agreed term of 16 years.   Thus, Everett had to know the agreement would permit the trial court to impose separate sentences on each offense, with this eliminating the merger argument.   Moreover, even if merger could arguably have been considered, on this record, it is not clear that the offenses to which Everett pleaded occurred during the same course of conduct or with the same animus.   R.C. 2941.25.   The defendant bears the burden of establishing that offenses should be merged as allied offenses. *State v. Albertson*, 2d Dist. Montgomery No. 28722, 2021-Ohio-2125, ¶ 95.   Everett has not met this burden.   Accordingly, we find no error in the trial court's decision to impose a separate sentence for each offense.

{¶ 11} Next, Everett contends that the trial court erred in imposing maximum sentences.   Specifically, he claims the 16-year sentence was unlawful because it exceeded the statutory sentencing ranges for gross sexual imposition and rape.   He

---

[1] The record demonstrates Everett was aware he could face a life sentence if he went to trial and was convicted of the indicted offenses.

further claims that the trial court did not state whether it considered the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

{¶ 12} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Here, the 11-year sentence for rape was within the three- to 11-year range for first-degree felonies. R.C. 2929.14(A)(1)(b). Likewise, the 60-month prison term for gross sexual imposition fell within the range permitted for third-degree felonies. R.C. 2929.14(A)(3)(a). Thus, we find no error in the length of the individual sentences imposed by the trial court.

{¶ 13} Everett correctly argues that a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. In this case, we find no basis for Everett's claim that the trial court failed to consider the appropriate statutory factors. The trial court stated that it had considered all required factors under the law, including R.C. 2929.11 and 2929.12. Further, the record reflects that the trial court did, in fact, consider both statutes.

{¶ 14} Finally, Everett claims the trial court did not make findings sufficient to support the imposition of consecutive sentences.

{¶ 15} Generally, in imposing "consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing

and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. However, this court has held "consecutive-sentence findings are unnecessary when a trial court imposes a jointly-recommended sentence." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 7, citing *State v. Bowshier,* 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 10-12.

{¶ 16} Nonetheless, the trial court did make all of the necessary consecutive-sentence findings both at the sentencing hearing and in the judgment entry, including a finding that Everett's criminal history necessitated consecutive sentences in order to protect the public and that the offenses were committed as part of a course of conduct resulting in harm that was so great or unusual that a single prison term did not adequately reflect the seriousness of his conduct. R.C. 2929.14(C)(4)(b) and (c).

{¶ 17} Prior to sentencing, the trial court reviewed the presentence investigation report (PSI) and sentencing memoranda and heard arguments from counsel. Everett made a statement on his own behalf, and a short victim-impact statement was read into the record. The record shows that Everett was the victim's stepfather at the time he committed the offenses, that the abuse started when the victim was six years old, and that it continued until she was 12. There was evidence that the abuse occurred on a frequent basis and that, on numerous occasions, Everett drugged the victim in order to facilitate the offenses. The trial court stated: "the facts contained in the presentence investigation as described by J.C. and her brother are compelling, they are impactful, and they are horrific." The trial court also noted that Everett had not taken any responsibility

for the offenses. Indeed, in his statement for the PSI, Everett claimed the victim had falsely accused him of the crimes.

{¶ 18} Further, the PSI indicated that Everett had been convicted in a Georgia juvenile court of the offense of aggravated child molestation. He had five adult misdemeanor convictions, including one for domestic violence. Everett had also been convicted as an adult of felonious assault in 2012.

{¶ 19} Even if we were able to review the decision to impose consecutive sentences, we would conclude that the record does not clearly and convincingly fail to support the trial court's decision to impose consecutive sentences and that the consecutive sentences were not contrary to law.

{¶ 20} We find no error in the sentence imposed by the trial court. Accordingly, Everett's assignments of error are overruled.

### III.    Conclusion

{¶ 21} Both of Everett's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French

Carlo C. McGinnis
Hon. Mary Katherine Huffman