[Cite as *State v. Mitchell*, 2016-Ohio-1422.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-108 |
| | : | |
| v. | : | T.C. NO. 14CR367 |
| | : | |
| JAMES MITCHELL, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

# O P I N I O N

Rendered on the ___1st___ day of ___April___, 2016.

· · · · · · · · · ·

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P. O. Box 751192, Dayton, Ohio 45475
      Attorney for Defendant-Appellant

JAMES MITCHELL, JR., Inmate # 708810, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
      Defendant-Appellant

· · · · · · · · · · · ·

FROELICH, J.

{¶ 1} James Mitchell, Jr., pled guilty to robbery in violation of R.C. 2911.02(A)(3), a third-degree felony, for which he was sentenced to three years in prison, the maximum sentence for the offense. Mitchell was also ordered to pay restitution of $1,037.40, court

costs, and court-appointed counsel fees.   Mitchell appeals from his conviction.

{¶ 2} Mitchell=s original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, she found no issues upon which to base an appeal.   Counsel set forth one potential assignment of error, namely that the imposition of a maximum sentence was not supported by the record and by statutory factors.   By entry, we informed Mitchell that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.   No pro se brief was filed.

{¶ 3}   After an independent review of the record, we concluded that the record revealed at least one potentially meritorious issue for review related to the court's order that Mitchell pay court-appointed counsel fees as part of his sentence.   We appointed new counsel and instructed new counsel to review the entire record and raise any issues that counsel believes have arguable merit.

{¶ 4} Mitchell now raises two assignments of error on appeal, which we will address in reverse order.

**Imposition of a Maximum Sentence**

{¶ 5}   Mitchell's second assignment of error states, "The Trial Court Erred in Sentencing Mr. Mitchell to the Maximum Sentence of Three Years."

{¶ 6} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."   *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).   However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including

those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶ 7}** R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶ 8}** R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

**{¶ 9}** R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct

is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 10} The Ohio Supreme Court recently held that an appellate court must apply the standard of review set forth in R.C. 2953.08(G)(2) in reviewing a felony sentence. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002. Under that standard, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1; *see also State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.) (applying the standard of review in R.C. 2953.08(G)(2) to felony sentencing). R.C. 2953.08(G)(2) expressly addresses findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I).

{¶ 11} The supreme court acknowledged that some sentences do not require a trial court to make any of the findings that R.C. 2953.08(G) specifically addresses. *Marcum* at ¶ 23. It nevertheless held that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and R.C. 2929.12 under a standard that is equally deferential to the sentencing

court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

{¶ 12} Mitchell's sentence was imposed after consideration of R.C. 2929.11 and R.C. 2929.12; no statutory findings were required. Nevertheless, in accordance with *Marcum*, we review the trial court's sentence under the deferential standard articulated in R.C. 2953.08(G).

{¶ 13} According to the bill of particulars and police reports, at approximately 11:35 a.m. on April 24, 2014, Mark Welsh was riding his bicycle on a bike path when he encountered Mitchell. Mitchell asked Welsh, "What are you looking at" and punched Welsh in the head. Welsh reported that Mitchell repeatedly struck him in the face and head and tried to take his (Welsh's) bicycle and backpack. Welsh did not allow Mitchell to take his property. Mitchell fled when a witness yelled to him to stop and indicated that she was calling the police. Responding officers noticed redness on the left side of Welsh's face, and Welsh complained of loose teeth.

{¶ 14} Mitchell was originally charged with robbery in violation of R.C. 2911.02(A)(2), a second-degree felony. He pled guilty to a reduced charge of robbery, a third-degree felony. Mitchell was eligible for community control and faced a maximum sentence of three years in prison.

{¶ 15} A presentence investigation was performed prior to sentencing. Mitchell told the presentence investigator that he encountered Welsh while he (Mitchell) was walking on the bike trail with his girlfriend. Mitchell reported that, as Welsh rode toward them on his bike, Mitchell believed that Welsh was going to grab his girlfriend. Mitchell

yelled to Welsh and asked him (Welsh) if he was going to grab the girlfriend; Welsh denied that he was going to. Mitchell accused Welsh of lying and punched Welsh, and the two fought. Mitchell stated that he was under the influence of marijuana, "triple C's", Vicodin, and Percocet at the time. Mitchell denied trying to rob Welsh of his bicycle and backpack.

{¶ 16} Mitchell was 20 years old at the time of the offense in April 2014. He had three adult convictions at the time of sentencing: 1) misdemeanor unauthorized use of property in April 2013, for which he received a 30-day suspended jail sentence; 2) misdemeanor assault in August 2013, for which he received 90 days in jail; and 3) misdemeanor assault in May 2014 (after the instant offense), for which he received 180 days in jail.

{¶ 17} Mitchell has a juvenile record dating back to 2004, when he was 10 years old. At age 10, he was adjudicated for driving without a license and burglary. At age 12, he was adjudicated for criminal damaging and assault. At age 14, he was adjudicated for tampering with evidence, carrying a concealed weapon, and vandalism. At age 16, he was adjudicated for criminal trespassing. At various times, Mitchell was placed on house arrest, received suspended detentions, was placed in detention, and received a suspended commitment to the Department of Youth Services. He had numerous probation violations throughout his involvement with the juvenile court. A couple of additional allegations were dismissed by the State.

{¶ 18} Mitchell reported that he has had a substance abuse issue since age 16. He stated that he uses a variety of substances, including marijuana, "triple C's", Vicodin, Percocet, and Klonopins. Mitchell further reported that he had never had a mental health

assessment, but he has a temper problem and hears voices. Mitchell stated that he had been prescribed medication for mental health issues by his medical doctor, but Mitchell had not seen his doctor for approximately 18 months.

{¶ 19} Mitchell was unemployed, had never been employed, and had no direct sources of income. He reported that his mother, sister, and girlfriend assist him financially.

{¶ 20} At sentencing, the trial court noted Mitchell's criminal history and imposed the maximum sentence of three years in prison. Upon review of the record, we cannot conclude that this sentence was either an abuse of discretion or clearly and convincingly unsupported by the record.

{¶ 21} Although Mitchell was only 20 years old at sentencing, he had been adjudicated for several juvenile offenses, including assault and carrying a concealed weapon. Two of his three adult convictions were for assault; his third adult conviction was for unauthorized use of property, a theft offense. The facts underlying Mitchell's offense in this case, as presented in the bill of particulars, supported a conclusion that Mitchell had caused physical harm in committing the robbery; Mitchell faced a maximum of eight years in prison on the original charge. The record reflects that Mitchell might benefit from substance abuse and mental health treatment; however, given Mitchell's criminal history and his conduct in this case, the court's decision to impose a three-year sentence was not clearly and convincingly unsupported by the record.

{¶ 22} Mitchell's second assignment of error is overruled.

### Court-Appointed Counsel Fees

{¶ 23} In his first assignment, Mitchell claims that the trial court erred when it

ordered him to pay court-appointed counsel fees as costs. The trial court's judgment entry stated:

> Defendant is ORDERED to pay all costs of prosecution, Court appointed counsel costs, and any fees permitted pursuant to law. If the defendant fails to pay that judgment or fails to timely make payments toward that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule. If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

The trial court did not inform Mitchell at sentencing that he would be required to pay court-appointed counsel fees.

{¶ 24} The State concedes error by the trial court, citing R.C. 2941.51(D), *State v. Breneman*, 2d Dist. Champaign No. 2013-CA-15, 2014-Ohio-1102, ¶ 6, and *State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 18-20. Based on this authority and others, we agree. As we stated in *Lambert*:

> "[R.C. 2941.51(D)] confers a right of action on a county for any claim it has for reimbursement of court-appointed counsel fees and expenses, 'if the person has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person.' " Yet, "[t]he

right of action R.C. 2941.51(D) confers must be prosecuted in a civil action."
In fact, the statute specifically states that "fees and expenses approved by the court under this section shall not be taxed as part of the costs * * *." R.C. 2941.51(D). "Therefore, requiring a defendant to pay his court-appointed attorney fees as part of his sentence is not condoned under R.C. 2941.51." The Court may enter a civil judgment regarding appointed counsel fees if it determines that the offender has the ability to pay. However, the collection must be pursued by civil process, not enforced in the criminal proceeding.

(Citations omitted.) *Lambert* ¶ 19. We have further held that a trial court errs when it orders a defendant to pay court-appointed counsel fees without notifying the defendant of that requirement at sentencing and determining the defendant's ability to pay those fees. *State v. Hudson*, 2d Dist. Clark No. 2011 CA 100, 2014-Ohio-1977, ¶ 8.

**{¶ 25}** Here, the trial court did not inform Mitchell at sentencing that he would be required to pay court-appointed counsel fees. In addition, when imposing that requirement in the judgment entry, the trial court treated the court-appointed counsel fees as costs, and indicated that Mitchell could be required to perform community service if he failed to pay those fees in accordance with a court-approved payment schedule. The trial court thus erred in imposing court-appointed counsel fees in the judgment entry.

**{¶ 26}** Mitchell's first assignment of error is sustained.

### Conclusion

**{¶ 27}** The trial court's order requiring Mitchell to pay court-appointed counsel fees will be vacated. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Ryan A. Saunders
Richard L. Kaplan
James Mitchell, Jr.
Hon. Douglas M. Rastatter