[Cite as *State v. Connors*, 2016-Ohio-3195.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26721 |
| | : | |
| v. | : | T.C. NO. 14CR30 |
| | : | |
| JASON D. CONNORS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 27th day of May, 2016.

. . . . . . . . . .

CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee


JON PAUL RION, Atty. Reg. No. 0067020 and NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 130 W. Second Street, Suite 2150, P. O. Box 1262, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jason D. Connors appeals from his conviction and sentence following a

negotiated guilty plea to three counts of rape and three counts of gross sexual imposition.

{¶ 2} The record reflects Connors was indicted on three counts of rape involving a child under age 10, which subjected him to a potential prison sentence of life without parole, and three counts of gross sexual imposition involving a child under age 13. He later agreed to plead guilty to a bill of information charging him with three counts of rape, without any age specification, and the same three third-degree felony counts of gross sexual imposition. With regard to sentencing, the State and Connors agreed that he would receive an aggregate prison term between 19 and 25 years. The trial court accepted the pleas and made a finding of guilt on each charge. At sentencing, the trial court imposed an aggregate 25-year prison sentence. It consisted of consecutive sentences of 11 years, 11 years, and three years on the rape counts and concurrent 60-month terms on each of the gross sexual imposition counts.

{¶ 3} In his sole assignment of error, Connors contends "[t]he trial court erred in imposing the maximum agreed upon sentence because it failed to consider mitigating factors including [his] acceptance of responsibility." The essence of Connors' argument is that the trial court erred in imposing a "maximum" sentence without properly considering the principles and purposes of sentencing under R.C. 2929.11 and the statutory "seriousness" and "recidivism" factors under R.C. 2929.12.[1] Connors asserts that it was not enough for the trial court to say that it had considered R.C. 2929.11 and R.C. 2929.12. He contends we should compel the trial court to identify the information on which it relied

---

[1] Although Connors complains about receiving a "maximum" sentence, his aggregate 25-year prison sentence was not close to the aggregate statutory maximum. Rather, it was the maximum sentence the trial court could impose within the 19-to-25-year range to which he agreed when he pled guilty.

when considering the statutes. He also argues that we should compel the trial court to provide findings in support of his "maximum" sentence. In connection with this argument, he asserts that the trial court overlooked mitigating factors, most significantly his acceptance of responsibility as evidenced by his self-reporting of his crimes to the victim's mother. Connors also cites in mitigation his advanced education as a medical-school graduate and self-sufficiency and a strong work ethic exhibited after surrendering his medical license in connection with prior drug-related convictions.

{¶ 4} Upon review, we see no error in the trial court's sentencing decision. As an initial matter, this court's precedent precludes Connors from challenging his aggregate 25-year sentence. This court has recognized that R.C. 2953.08(D)(1) does not authorize a sentencing appeal if the sentence was jointly recommended by the prosecution and the defendant and other requirements were met. *See, e.g., State v. Collini*, 2d Dist. Montgomery No. 26587, 2015-Ohio-4784, ¶ 10. This court also repeatedly has held that a sentence within an agreed-upon range is a jointly-recommended sentence under R.C. 2953.08(D)(1). *Id.* at ¶ 12, citing *State v. Chattams*, 2d Dist. Montgomery No. 26151, 2015-Ohio-453, ¶ 5, and *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13-15. As part of their plea deal, Connors and the State agreed to a prison sentence within the range of 19 to 25 years. If he believed a sentence at the top end of that range was improper, Connors should not have accepted a plea deal that authorized it. Because he did accept a plea deal that explicitly authorized his sentence, he cannot challenge the sentence on appeal.[2]

---

[2] In opposition to this conclusion, Connors cites *State v. Gray*, 1st Dist. Hamilton No. C-030132, 2003-Ohio-5837, and *State v. Rammel*, 2d Dist. Montgomery Nos. 25899, 25900, 2015-Ohio-2715, for the proposition that an agreement to a sentencing range is

**{¶ 5}** Even if Connors could appeal his sentence, we would find no error in the trial court's imposition of it. This court recently detailed the standards governing felony sentencing in *State v. Mitchell*, 2d Dist. Clark No. 2014-CA-108, 2016-Ohio-1422, as follows:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public

---

not an agreed or jointly-recommended sentence under R.C. 2953.08(D). In *Gray*, the First District held that a plea agreement including an agreed-upon sentencing range of four to eight years in prison did not qualify as a jointly-recommended sentence under R.C. 2953.08(D). *Gray* is not controlling in this appellate district, however, and we respectfully disagree with its conclusion, which is at odds with our precedent. In *Rammel*, we "declin[ed] to find," based on certain "unusual specific facts" before us, that the appellant's agreement to be sentenced within a specific range resulted in an agreed sentence for purposes of R.C. 2953.08(D). *Rammel* at ¶ 12. Despite citing *Gray*, we found no need to opine more broadly "whether a sentence to an agreed range of a term is a statutorily unappealable sentence." *Id.* In the cases cited above (including *Collini*, which we decided after *Rammel*) and others, this court *has* decided that issue and has held that a sentence within an agreed-upon range is a jointly-recommended sentence for purposes of appealability under R.C. 2953.08(D)(1). Whether a sentencing range that is not discretely defined, or is as broad as the statutorily defined range, would constitute an agreed-upon sentence for purposes of appealability is not before us.

from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the

offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

The Ohio Supreme Court recently held that an appellate court must apply the standard of review set forth in R.C. 2953.08(G)(2) in reviewing a felony sentence. *State v. Marcum*, Slip Opinion No.2016-Ohio-1002. Under that standard, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1; *see also State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.) (applying the standard of review in R.C. 2953.08(G)(2) to felony sentencing). R.C. 2953.08(G)(2) expressly addresses findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I).

The supreme court acknowledged that some sentences do not require a trial court to make any of the findings that R.C. 2953.08(G) specifically addresses. *Marcum* at ¶ 23. It nevertheless held that "it is fully consistent for appellate courts to review those sentences that are imposed

solely after consideration of the factors in R.C. 2929.11 and R.C. 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

*Id.* at ¶ 6-11.

{¶ 6} In accordance with the foregoing standards, the trial court had full discretion to impose any sentence within the authorized statutory range, which Connors' individual sentences and aggregate sentence were. As set forth above, with regard to his individual sentences, the trial court was not required to make any findings or give reasons for them. With regard to the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors, the trial court expressly indicated that it had considered them. (Tr. at 36-37). Although it was not obligated to do so, the trial court also specifically identified three factors that it believed made his offenses more serious than normal and cited evidentiary support for that conclusion. (*Id.* at 37).

{¶ 7} In order to achieve an aggregate sentence of 25 years in prison, the trial court also imposed consecutive sentences of 11 years, 11 years, and three years on the rape counts. Ordinarily, R.C. 2929.14(C)(4) obligates a trial court to make particular findings before imposing consecutive sentences. This court has held, however, that consecutive-sentence findings are unnecessary when a trial court imposes a jointly-recommended sentence. *State v. Bowshier*, 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 10-12. In *State v. Sergent*, __ N.E.3d __, 2016-Ohio-2696, the Ohio Supreme Court recently agreed, holding "that in the context of a jointly recommended sentence that includes

nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Id.* at ¶ 43. Nevertheless, the trial court made all of the statutory consecutive-sentence findings here. (Tr. at 38-39). Connors does not argue otherwise. Nor does he specifically argue that the evidence fails to support any of the trial court's findings.

{¶ 8} Connors' argument is that the trial court should be required to make additional findings, to explain its sentence better, and/or to identify the specific information and factors upon which it relied. In connection with this argument, he asserts that the trial court apparently overlooked or ignored mitigating evidence, including the fact that he self-reported his crimes.

{¶ 9} In support of his argument, Connors relies on *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160. But *Adams* does not support his assignment of error. *Adams* involved a challenge to consecutive sentences. On review, this court concluded that the trial court had made the necessary findings under R.C. 2929.14(C)(4). While opining that "an explanation of the rationale * * * for a sentence can only increase the public understanding of a particular sanction," the majority acknowledged that "the trial court was not required to provide reasons to support its findings." *Id.* at ¶ 18. The majority then concluded that the record clearly and convincingly failed to support consecutive sentences totaling 20 years in prison following the appellant's conviction on three counts of burglary and one count of heroin possession. In the portion of the opinion on which Connors relies, the majority opined:

"Formalism" has been described as scrupulous or excessive adherence to outward form at the expense of inner reality or content. We

are concerned that our sentencing jurisprudence has become a rubber stamp for rhetorical formalism. It appears that consecutive sentences will be upheld on appellate review as long as the aggregate sentence is within the arithmetic long-addition established by the statutes and the trial judge and the entry state that this calculation is (1) necessary to protect the public from future crime or to punish the offender, (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one or more of the offenses was committed while awaiting trial or sentencing. Here, the minimally-required statutory phrases were uttered, and a 22-year-old non-psychopathic addict, with only a previous juvenile suspended DYS commitment and no adult felony record, will spend the next twenty years in prison at the expense of the taxpayers, not to mention the damage to him and to the community where he will be released.

In summary, although the court made findings necessary to order Adams to serve his sentences consecutively, we clearly and convincingly find that the record does not support the trial court's finding that consecutive sentences totaling 20 years in prison are necessary to protect the public or punish Adams and are not disproportionate to the seriousness of Adams's conduct and to the danger he poses to the public. Moreover, the record does not demonstrate that 20 years in prison was the minimum sanction to accomplish the purposes of sentencing without imposing an unnecessary burden on the State.

*Id.* at ¶ 30-31.

**{¶ 10}** Relying on the *Adams* majority's criticism of "formalism" in sentencing, Connors urges us to require the trial court to make additional findings, to explain its sentence better, and/or to identify the factors upon which it relied. But *Adams'* criticism of "formalism" does not support imposition of the requirements Connors seeks to impose on the trial court. Indeed, the author of the majority opinion in *Adams* more recently acknowledged the well-settled principle that "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *Mitchell*, 2d Dist. Clark No. 2014-CA-108, 2016-Ohio-1422, at ¶ 6, quoting *King*, 2013-Ohio-2021, 992 N.E.2d 491, at ¶ 45.

**{¶ 11}** Finally, we are unpersuaded that the mitigating evidence Connors cites renders his aggregate 25-year prison sentence clearly and convincingly unsupported by the record, as would be required to vacate the sentence under R.C. 2953.08(G)(2). Connors engaged in sexual activity with the daughter of a family friend over a three-year period when the child was between the ages of five and eight. Among other things, the trial court made the following findings and observations at sentencing:

> * * * The physical or mental injuries suffered by the victim of the offense was exacerbated because of her age. The victim suffered serious physical and psychological harm as a result of the offense. It was Mr. Connors' relationship with the victim, the victim's family, that facilitated the offense.

> Quoting from the State's sentencing memorandum:

"The Defendant has admitted repeatedly to having a sexual attraction to the victim and to children, describing himself as a pedophile."

In this particular case, as the State argues, the Defendant groomed and then, indeed, preyed upon a child. The child in this case was five years old when the sexual abuse began. The abuse ran for a period of three years, to the point that the child was then eight years old.

The letter from the victim's mother indicated that the actions of the Defendant towards the victim, and I'm quoting, "changed who she is forever, and changed who I am forever." * * *

One of the tragic aspects of this tragic case is that Mr. Connors was once a healer. He took a Hippocratic oath to help other people. In another letter, a friend of the family * * * made what I think is a very accurate comment, and I'm quoting. "He has taken the innocence from a child and destroyed the stability within her home."

(Tr. at 37-38).

{¶ 12} Although Connors contends the trial court failed to consider his mitigating evidence, the PSI report, which the trial court reviewed, included references to the fact that he had self-reported his crimes to the victim's mother. Therefore, the trial court presumably took that fact into consideration. Connors' other mitigating evidence consists of the fact that he is a medical-school graduate and that he exhibited self-sufficiency and a strong work ethic after the loss of his medical license by finding other employment. Once again, the PSI included this information, which the trial court presumably

considered. In particular, the PSI noted that Connors had lost his medical license as a result of his 2004 felony convictions for trading narcotic prescriptions for sexual favors. The PSI also noted that he had maintained employment at various places after the loss of his license to practice medicine. This mitigating evidence fails to demonstrate that Connors' aggregate 25-year prison sentence is clearly and convincingly unsupported by the record.

{¶ 13} Based on the reasoning set forth above, we overrule the assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Christina E. Mahy
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Michael W. Krumholtz