**[Cite as *State v. Lawler*, 2019-Ohio-1920.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-18-062

      Appellee                                     Trial Court No. 2017CR0517

v.

Jermaine Lawler                                    **DECISION AND JUDGMENT**

      Appellant                                   Decided:  May 17, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant Jermaine Lawler appeals the judgment of the Wood County Court of Common Pleas, sentencing him to 12 months in prison, following his guilty plea to one count of forgery, a felony of the fifth degree.  Finding no error, we affirm.

## I.  Background

{¶ 2} On October 14, 2017, at the Walmart in Perrysburg Township, Ohio, Walmart's Loss Prevention officer notified police after observing Lawler attempt to purchase items using "fake" money.  Based on a description of Lawler and his vehicle, police responded, located Lawler's vehicle at a nearby Target store, in Perrysburg, Ohio, and observed Lawler leaving that store and exiting the parking lot.  Police initiated a stop of Lawler's vehicle and placed him under arrest, confiscating the fake currency, and later determined that Lawler completed a purchase at Target using the fake money.  On December 18, 2017, the Wood County Grand Jury indicted Lawler on two counts of forgery, arising from the incidents of October 14, 2017.

{¶ 3} On March 19, 2018, Lawler entered a guilty plea to one count of forgery, and as part of the plea, the state dismissed the remaining count against him.  The trial court continued the matter for a presentence investigation and sentencing hearing, but Lawler failed to participate in the presentence investigation.  On the date of the scheduled hearing, Lawler failed to appear and a bench warrant issued.  The presentence investigation report indicated other warrants from other jurisdictions, as well as a new charge pending.  At sentencing, the trial court opined as follows:

> The overriding purposes of felony sentencing are to protect the public from future crime by Mr. Lawler and others as well as to punish him using the minimum sanctions that can accomplish that purpose.  And in achieving that purpose, the Court must consider the need to deter Mr.

2.

Lawler and others from future crime as well as the need to incapacitate him and to rehabilitate him.

The Court will consider the applicable seriousness and recidivism factors. The Court considers the defendant's rather substantial history of criminal convictions that he alluded to himself. The Court also finds he has not responded favorably to sanctions previously imposed for similar criminal convictions.

After considering the seriousness and recidivism factors, the Court determines that a prison term is consistent with the purposes and principles of felony sentencing and that Mr. Lawler is not amenable to available community control sanctions. We will, therefore, sentence him to 12 months in the Ohio Department of Rehabilitation & Corrections.

{¶ 4} The trial court sentenced Lawler to 12 months in prison on July 30, 2018, and journalized that sentence, noting consideration of R.C. 2929.11 and 2929.12. It is from this judgment Lawler now appeals.

## II. Law and Argument

{¶ 5} Following sentencing, Lawler filed a timely appeal, asserting a single assignment of error:

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A YEAR IN PRISON CONTRARY TO R.C. 2929.11 AND 2929.12.

{¶ 6} Lawler argues that his sentence is contrary to law, because the trial court did not impose the minimum sanction as provided by R.C. 2929.11(A) and (B). Lawler further argues that the trial court erroneously determined his conduct was more serious, justifying a prison term rather than community control, contrary to R.C. 2929.12, as his crime was against a corporation and involved no physical harm. Pursuant to R.C. 2929.14(A)(5), a court may sentence an offender to a term of 6, 7, 8, 9, 10, 11, or 12 months for a felony of the fifth degree.

{¶ 7} Review of a felony sentence is governed by R.C. 2953.08(G)(2). *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Pursuant to R.C. 2953.08(G)(2), we do not modify or vacate a sentence unless we find, by clear and convincing evidence:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant, or

(b) That the sentence is otherwise contrary to law.

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

4.

established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9} The standard requires proof of a negative, requiring demonstration that "the record does not support the findings" of the trial court in order to merit reversal or modification of a sentence. *State v. Roberts,* 8th Dist. Cuyahoga No. 104474, 2017-Ohio-9014, ¶ 10. Additionally, while R.C. 2953.08 specifically references findings under R.C. 2929.13 and 2929.14, "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23.

{¶ 10} Here, Lawler acknowledges that the trial court did not have to explain its reasoning in imposing a prison term rather than a community control sanction. Furthermore, Lawler does not argue that the record fails to support any findings under R.C. 2929.13, 2929.14, or 2929.20. Instead, Lawler contends the facts of his case do not support the trial court's decision, based on the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. Upon review of the record, we disagree.

{¶ 11} While Lawler argues community control was the appropriate sentence, he cites to only select seriousness factors, arguing his crime involved no physical harm and was committed against a corporation, not a person. In doing so, Lawler ignores the recidivism factors, including those referenced by the trial court at sentencing. Of

5.

significance, the trial court accurately noted that Lawler has a very significant criminal history, and has not "responded favorably to sanctions previously imposed for criminal convictions."  *See* R.C. 2929.12(D)(2) and (3).

{¶ 12} While the trial court could have imposed a community control sanction, it also had "full discretion to impose any sentence within the authorized statutory range * * *."  *Torres*, 6th Dist. Ottawa No. OT-19-008, 2019-Ohio-434 at ¶ 18, quoting *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.  Considering the record, we find the trial court properly considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and Lawler failed to demonstrate a lack of support for the trial court's findings.  Accordingly, Lawler's sole assignment of error is found not well-taken.

## III.  Conclusion

{¶ 13} The judgment of the Wood County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, Lawler is assessed the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

State v. Lawler
C.A. No. L-18-1110

Thomas J. Osowik, J.            _____
                                              JUDGE

Christine E. Mayle, P.J.        _____
                                              JUDGE

Gene A. Zmuda, J.
CONCUR.                         _____
                                              JUDGE