[Cite as *State v. Durbin*, 2019-Ohio-3701.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                         Court of Appeals No.  S-19-003

　　　　Appellee                                   Trial Court No.  18 CR 427

v.

Shane E. Durbin                              **DECISION AND JUDGMENT**

　　　　Appellant                                 Decided:  September 13, 2019

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Shane Durbin, appeals the January 2, 2019 judgment of the

Sandusky County Court of Common Pleas sentencing him to two years in prison

following his conviction of operating a vehicle under the influence ("OVI"). For the following reasons, we affirm.

## I. Background and Facts

**{¶ 2}** On June 15, 2018, Durbin was indicted on one count each of OVI in violation of R.C. 4511.19(A)(1)(a),[1] a fourth-degree felony; OVI in violation of R.C. 4511.19(A)(1)(b), a fourth-degree felony; OVI in violation of R.C. 4511.19(A)(2), a fourth-degree felony; driving under suspension in violation of R.C. 4510.11, an unclassified misdemeanor; and failure to yield the right-of-way at a stop sign in violation of R.C. 4511.43(A), a minor misdemeanor. Each OVI charge also included a specification under R.C. 2941.1413 that, within 20 years of the offense, Durbin had been convicted of or pleaded guilty to five or more OVI offenses.

**{¶ 3}** Durbin agreed to plead guilty to the count of OVI charged under R.C. 4511.19(A)(1)(b), along with the attached specification. During the plea hearing on November 5, 2018, the trial court engaged in a colloquy with Durbin regarding his rights and informed him that the penalties for a conviction included a mandatory prison sentence of one, two, three, four, or five years, a mandatory driver's license suspension of three years to life, and a mandatory fine of $1,350 to $10,500. Durbin said that he

---

[1] Effective March 22, 2019, Ohio's criminal statutes were extensively amended by 2017 S.B. No. 201. None of the amendments are applicable to Durbin's case, however, so all of our citations to the Revised Code refer to the former versions of the statutes that are applicable to Durbin's crimes.

2.

understood each right and the potential penalties.  At the conclusion of the hearing, the trial court accepted Durbin's plea and found him guilty.

{¶ 4} On January 2, 2019, at the sentencing hearing, Durbin's retained attorney asked the court to sentence Durbin to a rehabilitation facility so he could receive treatment for his drinking problem.  During her statement, counsel noted that Durbin had contacted an inpatient treatment facility and learned that he would have to pay out-of-pocket for treatment because he did not have health insurance.  According to Durbin's attorney, "Knowing that he would be going away today for either a jail or prison sentence or potentially an inpatient treatment, then he did not start that treatment as he thought it would be more or less a waist [sic] of money at this point because he does have to face the—his consequences for this action."  Counsel noted that Durbin had tried three outpatient rehabilitation programs, which had been unsuccessful.  She also mentioned that he became disabled while serving in the military and had "limited resources also at this time to obtain [rehabilitation] services on his own."

{¶ 5} The trial court, in reviewing the presentence investigation, stated that Durbin had been in the army for six years, was facing his eighth OVI conviction, and was driving with a suspended license and without insurance at the time he was arrested.  Before imposing a sentence, the trial court stated that its "job is to attempt to protect the public from future crime and impose an appropriate punishment for your conduct."  It then imposed a two-year prison sentence, a five-year driver's license suspension, a $1,350

3.

fine, and court costs. The court told Durbin that it would not consider granting him driving privileges until Durbin paid the fine.

{¶ 6} Durbin now appeals, raising one assignment of error:

1. The Trial Court's sentence of Shane E. Durbin ("Appellant") violates the law insofar as the Trial Court penalized Appellant in part due to being indigent.

## II. Law and Analysis

{¶ 7} In his assignment of error, Durbin argues that the trial court did not comply with the principles and purposes of sentencing in R.C. 2929.11 because the court did not consider the potential for his rehabilitation in crafting a sentence and that the trial court illegally sentenced him to prison because he could not afford to pay for inpatient alcohol treatment or pay the imposed fine. In response, the state argues that Durbin's prison sentence comports with R.C. 2929.11 and there is no evidence supporting Durbin's argument that the trial court imprisoned him because he was indigent.

{¶ 8} We review sentencing challenges under R.C. 2953.08(G)(2). As pertinent here, the statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b).

4.

**{¶ 9}** A sentence is not clearly and convincingly contrary to law where the trial court sentences the defendant within the statutorily permissible range, properly applies postrelease control, and considers the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18; *see also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

**{¶ 10}** If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶ 11}** Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence imposed shall be reasonably calculated to achieve these overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with

5.

sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

Although the statute requires the trial court to impose "the minimum sanctions that the

court determines accomplish those purposes without imposing an unnecessary burden on

state or local government resources," this does not mean that the court must impose the

statutory minimum sentence.  *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-

Ohio-434, ¶ 18.  To the contrary, "the trial court ha[s] full discretion to impose any

sentence within the authorized statutory range * * *."  *State v. Connors*, 2d Dist.

Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.

{¶ 12} A trial court's "consideration of the appropriate factors set forth in R.C.

2929.11 can be presumed unless the defendant affirmatively shows to the contrary."

*State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243.  For an

appellate court to find error, the defendant must present evidence to rebut this

presumption.  *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11.

{¶ 13} Here, Durbin claims—without citing any supporting evidence from the

record—that the trial court failed to consider the potential for his rehabilitation through

inpatient treatment under R.C. 2929.11.  First, this unsupported assertion is insufficient to

rebut the presumption that the trial court properly considered the factors in R.C. 2929.11.

Second, sentencing Durbin directly to inpatient treatment was not an available option.

Durbin pleaded guilty to and was convicted of a violation of R.C. 4511.19(A) that was a

fourth-degree felony and included a specification under R.C. 2941.1413.  The trial court

6.

was therefore *required* to sentence him to a prison term of at least one year, R.C. 4511.19(G)(1)(d)(i) and R.C. 2929.13(A), (G)(2), and could not opt to send him to an inpatient treatment facility.

{¶ 14} Additionally, Durbin's reliance on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), is misplaced. In *Bearden*, the Supreme Court of the United States held that a state could not revoke a defendant's probation and imprison him based solely on the defendant's inability to pay a fine due to indigence. *Id.* at syllabus. *Bearden* is inapplicable here. The trial court in this case did not impose any punishment on Durbin because he was indigent.[2] Rather, the court sentenced Durbin to prison because prison was the required punishment for his crimes. *See* R.C. 4511.19(G); R.C. 2929.13(G).

{¶ 15} Finally, Durbin fails to show, by clear and convincing evidence, that his sentence is not supported by the record. This was Durbin's eighth OVI conviction and he was unsuccessful with three outpatient rehabilitation programs. The court noted that Durbin had seven prior opportunities to "turn it around" after each of his seven prior OVI convictions, but "it hasn't happened yet." Again, he was convicted of a violation of R.C.

---

[2] Indeed, there is nothing in the record to indicate that Durbin claimed to be indigent at sentencing. Durbin was represented by retained counsel at sentencing, who said that he thought starting an inpatient program less than a month before his sentencing would be a "waist [sic] of money" because he knew that he would receive either a jail or prison term. And although counsel said that Durbin had "limited resources" to pay for treatment, she did *not* say that Durbin could not afford to pay for treatment or could only obtain treatment if it was court-ordered.

7.

4511.19(A) that was a fourth-degree felony and included a specification under R.C. 2941.1413, so the trial court was required to sentence him to a prison term, a driver's license suspension, and a fine. R.C. 4511.19(G)(1)(d)(i), (iii), (iv); R.C. 2929.13(A), (G)(2). We find this to be sufficient support for Durbin's sentence.

{¶ 16} In sum, we find that Durbin's sentence is not clearly and convincingly contrary to law. Durbin's assignment of error is not well-taken.

### III.  Conclusion

{¶ 17} Based on the foregoing, the January 2, 2019 judgment of the Sandusky County Court of Common Pleas is affirmed. Durbin is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                _____
                                                    JUDGE

Christine E. Mayle, P.J.           

                                       _____
Gene A. Zmuda, J.                                      JUDGE
CONCUR.

                                       _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.