[Cite as *State v. Miller*, 2020-Ohio-1159.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1100

     Appellee                              Trial Court No. CR0201802680

v.

Donald Miller                                   **DECISION AND JUDGMENT**

     Appellant                             Decided:  March 27, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Donald Miller, appeals the April 15, 2019 judgment of

the Lucas County Court of Common Pleas, convicting him of two counts of gross sexual

imposition and sentencing him to an 18-month prison term on each count, to be served

consecutively.  For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} Donald Miller was indicted on September 11, 2018, on one count of rape, a violation of R.C. 2907.02(A)(1)(c) and (B) (Count 1); and one count of obstructing official business, a violation of R.C. 2921.31(A) and (B) (Count 2). Additional counts were brought by information on February 19, 2019, charging Miller with two counts of gross sexual imposition, violations of R.C. 2907.05(A)(5) and (C)(1) (Counts 3 and 4). Miller waived his right to have Counts 3 and 4 presented to a grand jury.

{¶ 3} On March 5, 2019, Miller entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to Counts 3 and 4, in exchange for the dismissal of Counts 1 and 2. The state summarized the evidence it would have presented had the matter proceeded to trial. It stated that on May 5, 2018, Miller and the 15-year-old victim attended a party on Suder Avenue. The victim drank alcohol to the point of becoming sick, then went into a room and fell asleep. She woke to find Miller on top of her, having intercourse with her. She "froze and pretended to be asleep." Later that morning, she went to the hospital where a SANE nurse performed a rape kit. Miller's DNA was identified in vaginal swabs and swabs taken from the neck and chest of the victim.

{¶ 4} The trial court accepted Miller's plea, entered a finding of guilty as to each charge, and continued the matter for a pretrial sentencing investigation report ("PSI"). Miller was sentenced on April 9, 2019. The court imposed a prison term of 18 months on Count 3 and 18 months on Count 4, to be served consecutively to each other and to

2.

sentences imposed in Lucas County case Nos. CR0201603051 and CR0201603108. The court also imposed a five-year mandatory period of postrelease control on each count, and it found Miller to be a Tier II child-victim offender. Miller's convictions and sentences were memorialized in a judgment entry journalized on April 15, 2019.

{¶ 5} Miller appealed and assigns the following errors for our review:

I. The Trial Court Abused its Discretion at Sentencing, by Failing to Access [sic] all of the factors in accordance with R.C. 2929.11 and R.C. 2929.12

II. The Trial Court Abused its Discretion in Sentencing, by Sentencing in a manner that was Clearly and Convincingly Contrary to Ohio Law.

## II. Law and Analysis

{¶ 6} Miller's two assignments of error challenge the sentence imposed by the trial court. He claims in his first assignment of error that the court failed to consider all of the factors set forth in R.C. 2929.11 and 2929.12. He claims in his second assignment of error that his sentence was contrary to law. We address both assignments of error together.

{¶ 7} We review felony sentences under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

3.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 8}** Miller does not raise any challenge with respect to R.C. 2953.08(G)(2)(a). We, therefore, limit our discussion to R.C. 2953.08(G)(2)(b):  whether the sentence is otherwise contrary to law.  The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, held that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range.

**{¶ 9}** Miller was convicted of R.C. 2907.05(A)(5) and (C)(1), felonies of the fourth degree.  For a felony of the fourth degree, the trial court may impose a prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.  R.C. 2929.14(A)(4).  "[T]he trial court ha[s] full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.  The trial court here imposed a prison term of 18 months on each count—terms within the permissible statutory range.

4.

{¶ 10} Because Miller was convicted of felony sex offenses, the trial court was required to impose a five-year term of postrelease control. R.C. 2967.29(B)(1). The court imposed a five-year period of postrelease control on each count. Postrelease control was, therefore, properly applied.

{¶ 11} This brings us to the crux of Miller's argument: that the trial court failed to consider all of the R.C. 2929.11 and 2929.12 factors when it sentenced Miller to "the full reserve sentences for each probation violation." Importantly, Miller appealed the trial court judgment in case No. CR0201802680, convicting him of gross sexual imposition; he did not appeal the judgments relating to his community control violations in case Nos. CR0201603051 and CR0201603108, so the sentences imposed for those violations are not before this court.

{¶ 12} R.C. 2929.11 explains that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 13} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It

5.

requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 14} The trial court's April 15, 2019 judgment expressly states that it considered "the record, oral statements, any victim impact statement and presentence report prepared, as well as the *principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.*" (Emphasis added.) Moreover, at the sentencing hearing, the trial court explained the rationale for its sentence:

> Ordinarily, I must admit that sentencing people is pretty difficult. But in all sincerity you've been given every single chance to reform your conduct and the result is that you're back before the Court for like conduct. Another victim is now suffering based upon what you have done. This occurred while you were not on community control for one offense, but two. This occurred when you were on community control for a sexually oriented offense. This offense is a sex offense. And the violation of your community control is a new felony offense. To sum it up, that's the worst form of violation. Conduct here is remarkable. You're a predator. You're

6.

dangerous. The law's wrong. You deserve more than what I can give. Every moment you're free every woman is at risk, especially children. If I had my way, you'd never be released from the penitentiary. They'd build one on top of you. But the law doesn't permit me to do that * * *."

{¶ 15} It is clear from this explanation that the court found that it was necessary to incapacitate Miller and to deter him from future crime. It is also clear that the court found Miller's conduct to be very serious and was alarmed that Miller committed these crimes while on community control for another sex offense, thereby demonstrating the likelihood that he would reoffend.

{¶ 16} "[I]t is up to the discretion of the individual decision-maker 'to determine the weight to assign a particular statutory factor.'" *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Here, the court may have weighed certain factors more heavily than others, but we cannot say that it did not consider the principles and purposes of sentencing or the seriousness and recidivism factors as it was required to do under R.C. 2929.11 and 2929.12. Given that the court considered these factors, properly applied postrelease control, and imposed a sentence within the statutory range, we cannot say that the sentence was contrary to law. Moreover, we have reviewed the PSI and the transcripts of the sentencing and plea hearings and find no clear and convincing evidence that Miller's sentence was not supported by the record.

{¶ 17} Accordingly, we find Miller's two assignments of error not well-taken.

7.

## III. Conclusion

{¶ 18} The trial court properly considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. We, therefore, find Miller's first assignment of error not well-taken.

{¶ 19} The court also properly applied postrelease control and imposed a sentence within the statutory range, and Miller presented no clear and convincing evidence that his sentence was not supported by the record. We, therefore, conclude that his sentence was not contrary to law, and we find his second assignment of error not well-taken.

{¶ 20} We affirm the April 15, 2019 judgment of the Lucas County Court of Common Pleas. Miller is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.